**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VILYAM ABELYAN,

Petitioner,

v.

JAMES JANECKA, et al.

Respondents.

No. 5:26-cv-04944 DSR

**ORDER DISMISSING PETITION AS DUPLICATIVE**

## 1. INTRODUCTION AND BACKGROUND

On August 26, 2026, Petitioner Vilyam Abelyan (A 028-141-745), initiated the above-captioned case by filing a pro se Petition for Writ of Habeas Corpus by a Person in Immigration Custody (28 U.S.C. § 2241). See Doc. No. 1. Concurrently with the Petition, Petitioner filed a Consent to Magistrate Judge, in which he voluntarily consented under 28 U.S.C. § 636(c) to a Magistrate Judge conducing all proceedings in this case, including a final ruling on his claims. See Doc. No. 2. The case became fully consented three days later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Cases. See General Order 26-05 at Ex. "A" (Doc. No. 10); see also Doc. No. 12.

In this Petition, Petitioner names as Respondents the various officials having custody of him, specifically, the Warden of the ICE Processing Center where he is being detained, the Director of ICE's Los Angeles Field Office, and the Secretary of

the Department of Homeland Security. Id. at ECF p. 1. He alleges that his detention is unlawful because Respondents cannot promptly effect his removal to Armenia pursuant to his final order of removal, and that the Administration's policy of third-country removals is unlawful. Id. at ECF pp. 6-7. He therefore asks the Court to order his immediate release from immigration custody. Id. at ECF p. 7.

The above-captioned matter is Petitioner's third habeas action filed this year. On August 21, 2026 – only five days before he filed the above-captioned matter – Petitioner filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which was assigned Case No. 5:26-cv-4853-FLA-DSR. There, he also sues the Warden of the facility at which he is detained, the Director of the Los Angeles Field Office of ICE, and the Secretary of Homeland Security (as well as the Attorney General of the United States). See Doc. No. 1 in Case No. 5:26-cv-4853. There, he also claims his detention is unlawful because his removal to Armenia is not reasonably foreseeable, and attacks the administration's third-country removal policy. Id. There, as here, Petitioner also seeks an order for his immediate release. Id.

On August 31, 2026, District Judge Fernando L. Aenlle-Rocha – to whom Case No. 5:26-cv-4583 is assigned,[1] ordered that case administratively closed and the filings therein transferred into Case No. 5:26-cv-00562-FLA-DSR. See Doc. No. 8 in Case No. 5:26-cv-00562. Case No. 5:26-cv-00562 is the first Petition for Writ of Habeas Corpus that Petitioner brought (through counsel) this year challenging his immigration detention. That case too names as Respondents the Warden of the ICE facility where Petitioner is held, the Director of the ICE Los Angeles Field Office, the Secretary of the Department of Homeland Security, and the Attorney General. See Doc. No. 1 in Case No. 5:26-cv-00562-FLA-DSR. That Petition too challenges Petitioner's detention and seeks a writ ordering his immediate release. Id.

[1] Petitioner did not consent to proceed before only a Magistrate Judge in that case.

Despite the obvious relationship between these three habeas cases, Petitioner did not file a Notice of Related Cases with the above-captioned action. Respondents did file such a notice, however, apparently in lieu of an Answer to the Petition. See Doc. No. 14.

**2. DISCUSSION**

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." Slack v. McDaniel, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Calif. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). A habeas petition is duplicative when the "claims, parties, and available relief do not significantly differ between the two actions." Barapind v. Reno, 72 F.Supp.2d 1132, 1145 (E.D. Cal. 1999) (internal quotation marks omitted). "The parties need not be identical." Id. "If the parties represent the same interests[,] the court may determine the second action is duplicative." Id. (internal quotation marks omitted). When there is a multiplication of the proceedings, the court may dismiss the second action. See id. ("The first habeas case was then, and is now an active case in the Central District, seeking identical relief; to have the asylum/withholding application decided by the INS. This is a multiplication of the proceedings."); see also, e.g., Diaz v. Frauenheim, No. 5:19-cv-01441-PA (GJS), 2020 WL 730849 (C.D. Cal. Feb. 12, 2020). (a District Court may dismiss a habeas action that is clearly duplicative of a pending, earlier-filed habeas action).

The above-captioned matter is identical to Petitioner's earlier filed habeas actions, which remain pending before under Case No. 5:26-cv-00562-FLA-DSR. The above-captioned case raises the same challenges to Petitioner's detention – no reasonably foreseeable likelihood of removal to Armenia and unlawfulness of the third-country removal program – as are already at issue in the earlier case. Both

actions seek the same ultimate relief – Petitioner's immediate release. The parties are also the same – Petitioner seeks relief here against the Warden, Field Office Director, and Secretary of Homeland Security, all of whom are already named in the earlier cases. The actions are therefore identical.

There is no justification for allowing two (or three) separate cases to proceed on what is plainly a single Section 2241 challenge to Petitioner's ongoing immigration detention. All of Petitioner's claims in this case can be resolved in the earlier case. In the interests of judicial economy, the Court therefore DISMISSES the above-captioned case, without prejudice, on the ground that it is duplicative of the parties, claims, and matters at issue in the earlier filed habeas action, Vilyam Abelyan v. Pamela Bondi, et al., No. 5:26-cv-00562-FLA-DSR (and Vilyam V. Abelyan v. Acting or Current Warden, et al., Case No. 5:26-cv-04853-FLA-DSR which the Court has consolidated into the 5:26-cv-00562 case).

**3. CONCLUSION AND ORDER**

For the foregoing reasons, the above-captioned matter is therefore DISMISSED, without prejudice, as duplicative.

IT IS SO ORDERED.

DATED: October 13, 2026

[signature]

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE